[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have moved to strike counts two and three of the amended complaint. The second count seeks punitive damages because of alleged willful, wanton conduct in reckless disregard of the right of the plaintiffs and the third count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The complaint alleges the plaintiffs were tenants of the defendants at a residence in Vernon, Connecticut and that a fire occurred on or about September 1996 at said property. In the first count they allege the defendants were negligent by using improper fuses, by failing to properly maintain the fuses and connections, by having electrical service which was not up to current codes, by failing to have circuit breakers and by having improper cable to the main distribution panel and for failing to maintain appropriate service entrance cable.
The second count incorporates the allegations of negligence of the first count and adds that there was a prior electrical CT Page 3832 incident on or about July 22, 1994 wherein a power surge caused some damage and that Bruce Beebe then told the plaintiffs he was going to rewire the residence and replace the fuses with circuit breakers. They claim the defendants failure to do so was willful, wanton and in reckless disregard of their rights.
The defendants argue that these allegations are factually insufficient to support a claim of willful, wanton or reckless behavior.
Even construing the facts pleaded in the light most favorable to the pleader (Amodio v. Cunningham, 182 Conn. 80, 82 (1980), this Court cannot conclude they can withstand the Motion to Strike.
There is a substantial difference between negligence and conduct that is wanton or reckless. (Clearly the allegations do not support any claim that the defendants' conduct was malicious or done with an evil intent). Reckless conduct has been equated with willful or wanton conduct. Dubay v. Irish, 207 Conn. 518,532-33 (1988). The terms mean "highly unreasonable conduct, involving an extreme departure from ordinary care in a situation where a high degree of danger is apparent." Ayala v. Meehan, DN. 94-49450, Windham J.D., January 28, 1998 (Lager, J.)
In order to be reckless "the actor . . . must recognize that this conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent." (Emphasis added). Prosser Keeton, Torts, (5th Ed.) § 34, p. 214. "To state a claim of recklessness, therefore, the plaintiffs must allege facts demonstrating both egregious conduct and the requisite state of mind." Ayala. supra.
In this case the added allegations to the claim of negligence, that a fire almost two years earlier caused by a power surge and a representation by Bruce Beebe that he intended to rewire the residence and install circuit breakers do not bootstrap what is essentially a negligence claim into one of reckless misconduct.
With respect to the third count, the complaint does not sufficiently allege a CUTPA violation. The so-called "cigarette rule" is well established in Connecticut. The actions of the defendants, as alleged, cannot be deemed to be, as the Act requires, unfair, or deceptive acts. CUTPA is intended to deter unfair trade practices that injure the general consuming public, CT Page 3833 rather than to provide additional remedies to redress a private wrong. See Rent v. Milano Dev. Corp., 9 CSCR 1181 (Nov. 14, 1994). The Court finds the allegations do not support deception, bad faith or egregious or aggravating circumstances or practice. This is, essentially a claim of a private wrong.
Accordingly, the Motion to Strike counts two and three of the Amended Complaint, and the claims for punitive damages and attorney's fees, is granted.
Klaczak, J.